In re AVENUE V IN BOROUGH OF BROOKLYN, CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. December, 1909.)

1. MUNICIPAL CORPORATIONS (§ 468*) — STREET OPENING — ASSESSMENT OF BENEFITS.

   While the block by block rule of assessing the cost of a street opening on the property benefited is usually a proper method, the value of an improvement on land taken for the street should not be assessed on the abutting property, which acquires no additional benefit from the making of such improvement, but should be assessed on the total area of the property benefited by the opening of the street, especially in view of Greater New York Charter (Laws 1901, c. 466) § 992, authorizing property owners to convey land to the city for street purposes and exempting their abutting property from assessment for any portion of the expense of opening the residue of the street, except the due and fair proportion of the award made for buildings, which indicates a legislative intent that the cost of taking a building should not generally be assessed on the abutting property.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1112; Dec. Dig. § 468.*]

2. MUNICIPAL CORPORATIONS (§ 483*)—STREET OPENING—REPORT OF COMMISSIONERS OF ESTIMATE.

   The commissioners of estimate, in a street opening proceeding by the city of New York, in reporting the amount of damages should state separately the amount allowed for land taken and the amount allowed for the taking of a building thereon, so that the commissioners of assessment may determine whether any portion of the award for the improvement should be charged to the city as permitted by its charter.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1133–1136; Dec. Dig. § 483.*]

Application by the City of New York to acquire title to Avenue V between Ocean Avenue and Ocean Parkway and between Stillwell Avenue and Eighty-Sixth Street in the Thirty-First Ward of the Borough of Brooklyn. On motion to confirm the report of Commissioners. Report confirmed in part, and referred back to the Commissioners in part.

Francis K. Pendleton, Corp. Counsel, of New York City, for the motion.

M. E. Finnigan, of Brooklyn, opposed.

BLACKMAR, J. [1] One Gottfried Pedersen owned a plot of ground with a dwelling house erected thereon which was bounded by Stillwell avenue on one side and by West Thirteenth street on the other. Avenue V was opened through his property intersecting these streets, leaving a portion of his land, known as "benefit parcel No. 286," on the north, and another portion, "benefit parcel No. 298," to the south of the improvement. The dwelling house stood partly on the land taken for Avenue V. He was awarded under "damage parcel No. 77" the sum of $7,900 for the land and improvement; the improvement being the part of his dwelling house which was taken. The commissioners of assessment adopted the block rule of assessment and assessed the sum of $7,908.62 for benefits upon the remaining land

of Pedersen, which did not embrace the whole of the area of benefit between Stillwell avenue and Thirteenth street. The result of the proceeding is that a portion of his property has been taken for Avenue V which intersects two streets upon which his property fronted, a portion of his dwelling house has been taken, and his property has been assessed for the opening of the avenue to an amount in excess of the award for damages. Pedersen objects to assessing the amount awarded for taking a portion of his dwelling house upon his remaining land under the block by block rule.

It seems to me that the objection is well taken. Experience shows that the block by block rule is usually a proper method of assessing for benefits, and, so far as the damages awarded for the land is concerned, I see no reason for departing from the rule; but I am unable to see any reason why the value of the improvement taken should be assessed back upon the abutting property. The benefit which the abutting property receives from the opening of the street is not enhanced by the fact that not only the land but also the improvement were taken. If buildings were taken upon every portion of the avenue as opened, there might be some reason for applying the block by block rule to the cost of the improvement as well as the land; but, where the street through its greater length is opened through vacant property, and where upon one damage parcel a building is taken, I see no reason why the cost of this building should be assessed upon the adjacent property. I am aware that Justice Bischoff, in an opinion appearing in the Law Journal of October 29, 1906, held that the cost of the improvement should be included in the assessment levied under the block by block rule; but whether or not the block by block rule should be applied depends upon the peculiar circumstances of each case, and the application of the rule in that case is not necessarily a precedent in others. The provisions of section 992 of the charter, authorizing property owners to convey land to the city for street purposes, exempts their abutting property from assessment for any portion of the expenses of opening the residue of the street, "except the due and fair proportion of the awards that may be made" for the buildings as aforesaid. This indicates legislative intent that the cost of taking a building should not, as a general rule, be assessed on the abutting property, but should be assessed upon the total area of the property benefited by the opening of the street.

[2] The commissioners of estimate have not in their report separately stated the amount of damages allowed for taking the land and for taking the building. It was therefore impossible for the commissioners of assessment to determine whether any portion of the award for improvements should be charged to the city as permitted by the charter. I think that, where the damages are allowed for taking not only the land but the improvements, the amount awarded for land and improvements should be separately stated.

I see no reason for interfering with the amount of the award for damages.

The report should be confirmed as to the award for damages, but not as to the assessment for benefits. It may be referred back to the commissioners of estimate to state separately the amount awarded on

"damage parcel No. 77" for land and for improvements, with direction to the commissioners of assessment to determine whether any portion of the value of this improvement should be charged to the city and to distribute the amount of the award for the building ratably over the total area of property assessed for benefits for the opening of this street.